*Lizzie Hibbard is discharged*<br>*from imprisonment.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.

---

SOMERSWORTH SAVINGS BANK

*vs.*

WILLIAM A. WORCESTER and another.

York.   Opinion July 30, 1884.

*Scire facias.   Principal and surety.*

A judgment creditor in a judgment against two or more debtors rendered upon a promissory note given in New Hampshire, upon which note one of the debtors was surety, levied his execution upon real estate of the principal and surety in this state, subject to a prior attachment, and on account of prior incumbrances and defects in the levy, the creditor took nothing by the levy. *Held* in *scire facias* to revive the execution, that the proceedings under the prior execution did not discharge the surety.

ON REPORT.

*Scire facias.*   The defendants were defaulted and the case reported to the law court with the agreement that if the court should be of the opinion that the defense offered, if proved, afforded a legal defense to either of the defendants, the default should be taken off and the case stand for trial.

The opinion states the material facts.

*Copeland and Edgerly*, for the plaintiffs, cited: *Treat* v. *Dwinel*, 59 Maine, 341; *White* v. *Cushing*, 30 Maine, 267; *Reed* v. *Wilson*, 39 Maine, 585; *Smith* v, *Eaton*, 36 Maine, 298; *Baker* v. *Davis*, 22 N. H. 37; *Concord Bank* v. *Rogers*, 16 N. H. 9; *Barney* v. *Clark*, 46 N. H. 514.

*William L. Putnam*, for the defendants.

The allegations of the writ are admitted. The writ alleges that the estate levied on cannot be held by reason of "prior incumbrances and defects in the levy." It does not allege that the prior incumbrances were unknown to plaintiff when he levied. This is an essential allegation. *Grosvenor* v. *Chesley*, 48 Maine, 372.

In *City Bank* v. *Young*, 43 N. H. 461, the ordinary rule that the creditor must use ordinary diligence in availing himself of securities, is fully recognized.

As to effect of abandoning attachments or seizures on execution, the New Hampshire court—see *Barney* v. *Clark*, 46 N. H. 516—has proceeded no farther than our court had in *Page* v. *Webster*, 15 Maine, 249. Consequently, we seem to be left to the usual presumption, that on this precise point the law of New Hampshire is the same as given in *Springer* v. *Toothaker*, 43 Maine, 381, which on page 386 apparently adopts the dissenting opinion in *Fuller* v. *Loring*, 42 Maine, 481, and is recognized as law in *Chipman* v. *Todd*, 60 Maine, 284.

The law of *Barney* v. *Clark*, ante, and *Page* v. *Webster*, ante, is not inconsistent with *Toothaker* v. *Springer*,— see the latter case, page 385.

After making the seizure, the creditor was at liberty, either with or without recording his seizure as provided in R. S., c. 84, § 24, to have required the surety to pay his debt and take the benefit of the seizure; and if the surety refused to do this, the creditor would have been justified in collecting from the surety. He chose, however, to proceed himself; and, by a gross blunder, through mere negligence, accepted a levy which was void, because in making the appraisal the attachment was deducted, though R. S., c. 84, § 24, already cited, gave a clear remedy for such case. It was the creditor's blunder, because he persisted in levying,

notwithstanding the attachment, and notwithstanding the provision of R. S., just cited; and because when he accepted this void levy, thirty days from judgment had not expired, and he was at liberty to make a new seizure.

In *Wulff* v. *Jay*, 7 Queen's Bench (L. R.), 756, where the creditor had neglected proper formalities to a bill of sale held as collateral, he was made to bear the loss as against the surety.

This case is cited in Burge on Suretyship (Morgan's edition), pages 438 and 439; which latter authority seems to sustain us, both as to point of diligence required and the effect of abandonment of seizure on execution.

There is one special reason why this proceeding should not be against the surety. He cannot exercise the option of releasing the land provided in R. S., c. 76, § 18.

LIBBEY, J. This is *scire facias* for a new execution on a judgment in favor of the plaintiff against the defendants, and one Lord, who has deceased since the rendition of judgment, the first execution having been returned satisfied by a levy on the lands of the defendants.

The judgment was rendered on a promissory note, in which William A. Worcester was principal, and George Worcester and said Lord were sureties, which relation of the parties was known to the plaintiff. The lands of the principal were attached on the original writ, subject to a prior attachment in another suit, which was pending when the levy was made; and the lands were appraised and taken subject to that attachment. For this cause it is admitted that the levy was void and conveyed no title to the plaintiff.

It is claimed by the learned counsel for George Worcester, that the failure of the plaintiff to seize the lands on the execution and record the seizure as provided in R. S., c. 84, § 24, and thus preserve the attachment until the prior attachment should be disposed of, and instead thereof making the void levy, discharged said George Worcester as surety, and that no new execution should be issued against him.

The plaintiff corporation was located in New Hampshire, and the note was made and dated there. The counsel on both sides

agree that the rights of the parties are to be determined by the law of that state.

In *Bank* v. *Rogers*, 16 N. H. 9, the supreme court of that state held, that where the creditor brings his action against the principal debtor and attaches his property, and afterwards discontinues the action, or fails to preserve the lien created by the attachment, the surety is not thereby discharged. The same rule was reaffirmed in *Barney* v. *Clark*, 46 N. H. 514. It is regarded the settled law of that state, and we think it is decisive of this case. The plaintiff corporation did not voluntarily discharge its attachment. It did so by mistake of law. It could not be required to seize and record the seizure, and await, for an indefinite period of time the issue of the prior attachment; nor could it be required to levy without regard to the prior attachment, and thus take the hazard of losing the land levied on by the enforcement of that attachment. The surety had the means of knowing the proceedings on the execution. He was a party to it, and his lands were taken by the levy, as well as those of the principal. If he desired the benefit of the attachment of the lands of the principal, he could have satisfied the debt, and taken charge of the service of the execution, and thereby have accomplished his purpose. Failing to do so, he cannot equitably complain that the plaintiff did not subject itself to the long delay of awaiting the issue of the prior attachment.

*Default to stand. New execution
to issue as prayed for.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.